UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DANIEL P. BROWN, | Case No. 21-cv-08098-LB |
| Plaintiff, | **ORDER REGARDING DEATH OF THE PLAINTIFF** |
| v. | Re: ECF No. 36 |
| JOCK GORDON, et al., | |
| Defendants. | |

## INTRODUCTION

The plaintiff Daniel Brown sued the defendants over alleged fraud and deception in the parties' prior business relationship.[1] The court previously stayed the case in light of Dr. Brown's impending death.[2] Dr. Brown recently died, and his counsel thus filed a notice of death, stating their belief that "Dr. Brown's estate will continue to prosecute" the case.[3] Dr. Brown's counsel now represent Gretchen Nelson — Dr. Brown's wife, successor trustee, and will executor — and request an extension of time to file a motion to substitute a new party for Dr. Brown under Federal Rule of Civil Procedure 25. They reason that settlement is imminent and it would therefore be a waste of time and

---

[1] First Am. Compl. – ECF No. 14. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 34.

[3] Notice of Death – ECF No. 35.

ORDER – No. 21-cv-08098-LB

resources "to require Ms. Nelson to file a state court petition for letters of special administration and then bring a substitution motion."[4] (In other words, they seek to settle the case without substituting a new party.) The defendants oppose any extension on the ground that, under a settlement agreement that is already in place between the parties and survives Dr. Brown's death, "nothing remains for [the plaintiff] to do but dismiss this action with prejudice."[5]

Although the request for an extension should have been in the form of a motion or stipulation, N.D. Cal. Civ. L.R. 7-1(a), the court issues this order to address all issues associated with Dr. Brown's death, in the interest of positioning the case for the expected stipulated dismissal. First, the request for an extension of time is denied as moot because the notice of death did not trigger the 90-day time limit of Rule 25. Second, a motion for substitution may be filed at any time, even in the absence of an effective notice of death. Third, Ms. Nelson is a proper party for substitution in her capacity as successor trustee, even in the absence of a probate proceeding. Fourth, a new party must be substituted for Dr. Brown before any stipulation of voluntary dismissal can be filed under Rule 41 following settlement.

## LEGAL STANDARD

Rule 25(a) "describes the manner in which parties are to be substituted in federal court" when a party dies and the action survives the death. *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (cleaned up). The rule provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). A "statement noting the death" also can be served, and "[i]f the motion [to substitute] is not made within 90 days after [such] service," the action "must be dismissed." *Id.* After substitution, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Est. of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

---

[4] Req. for Extension of Time – ECF No. 36 at 1–3.
[5] Obj. to Req. for Extension of Time – ECF No. 37 at 3–4.

ORDER – No. 21-cv-08098-LB                         2

Although Rule 25 is mainly procedural, *see First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242 (9th Cir. 1989), two aspects of it are substantive. The first is the question of whether the action survives a party's death. *Robertson*, 436 U.S. at 587 n.3. The second is who qualifies as "the decedent's successor or representative" and therefore the "proper party" to be substituted. *Brown v. Stroud*, No. C 08-02348 JSW, 2013 WL 12172624, at *2 (N.D. Cal. May 8, 2013); 6 Moore's Federal Practice — Civil § 25.12[3] (2022).

## ANALYSIS

In addition to the request for an extension of time, the court addresses each issue raised by Dr. Brown's death. *See* Fed. R. Civ. P. 1.

### 1. Whether Dr. Brown's Claims Survive His Death

Under California law, "[a] pending action . . . does not abate by the death of a party if the cause of action survives," Cal. Civ. Proc. Code § 377.21, and "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death," *id.* § 377.20. And where the decedent was the plaintiff, "the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages." Cal. Civ. Proc. Code § 377.34(a). Furthermore, the damages recoverable "do not include damages for pain, suffering, or disfigurement," unless the action "was filed on or after January 1, 2022, and before January 1, 2026." *Id.* § 377.34(a)–(b).

### 2. The Request for an Extension of Time and Future Motion to Substitute

If "a statement noting the death" of a party is filed and properly served, a motion for substitution must be filed within 90 days of that service or the action "must be dismissed." Fed. R. Civ. P. 25(a)(1). That said, "[a] motion to substitute may be made . . . without awaiting the suggestion of death." Fed. R. Civ. P. 25 advisory committee's notes (1963 amendment). The main purpose of a suggestion of death is for "a party or the representative of the deceased party . . . to limit the time within which another may make the motion." *Id.*

To be properly served, the statement noting the death must be served on the parties pursuant to Rule 5(b) and on "non-party successors or representatives of the deceased party . . . in the manner provided by Rule 4 for the service of a summons." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). "A motion to substitute, together with a notice of hearing," must be served in the same manner as a suggestion of death, and "[s]ervice may be made in any judicial district." Fed. R. Civ. P. 25(a)(3).

The notice of death filed by Dr. Brown's former counsel did not trigger the 90-day time limit of Rule 25 because Dr. Brown's representative or successor was not served under Rule 4(c). Thus, the request for an extension of time is denied as moot. And even in the absence of an effective notice of death, a motion for substitution may be filed at any time. *See, e.g.*, *Willis v. Barnhart*, No. C 02-3670 JSW, 2005 WL 1082757, at *4 (N.D. Cal. May 9, 2005).

### 3. Whether Ms. Nelson is a Proper Party for Substitution

Ms. Nelson is the successor trustee of Dr. Brown's living trust.[6] That makes her a proper party for substitution as Dr. Brown's "successor in interest," meaning that a probate court does not need to appoint her as Dr. Brown's representative before she substitutes for Dr. Brown.

#### 3.1  California Law Generally

Under California law, where the decedent was the plaintiff, the court must "allow a pending action . . . to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.31.

A "personal representative" is an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to [Cal. Prob. Code §] 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a). In other words, "[t]he 'personal representative' is the person or firm appointed by the probate court to

---

[6] Daniel P. Brown 2021 Living Trust, Ex. 1 to Req. for Extension of Time – ECF No. 36 at 4–8.

ORDER – No. 21-cv-08098-LB                4

administer the probate of a decedent's estate." *Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore*, 162 Cal. App. 4th 1331, 1340 (2008).

A "successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. The "law authorizes the successor in interest to bring an action if there is no probate." *See Parsons v. Tickner*, 31 Cal. App. 4th 1513, 1524 (1995); 6 Moore's Federal Practice — Civil § 25.12[3] (2022) (Rule 25's use of the word "'successor' . . . indicat[es] that a person may be substituted as a party even though the person has not been formally appointed as a representative or administrator").

The definition of "beneficiary of the decedent's estate" depends on whether the decedent died leaving a will. Cal. Civ. Proc. Code § 377.10.

Where the decedent was the plaintiff, an "other successor in interest who succeeds to a cause of action" is "the person to whom a particular cause of action that once belonged to the decedent passes under the laws governing the passage of a decedent's property." *Lickter v. Lickter*, 189 Cal. App. 4th 712, 733 (2010).

### 3.2 Trustees as Successors in Interest

Ms. Nelson is a proper party for substitution under Cal. Civ. Proc. Code § 377.31 because in the absence of a probate proceeding, she is a successor in interest by virtue of being the successor trustee of Dr. Brown's living trust.

First, courts in this district have substituted trustees as successors in interest. *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483, 485 (N.D. Cal. 2004); *Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-HSG, 2021 WL 4037614, at *1 (N.D. Cal. June 2, 2021). So have California courts. *See, e.g.*, *In re Marriage of Drake*, 53 Cal. App. 4th 1139, 1148, 1152–53 (1997) (trustees responsible for caring for the plaintiff-decedent's adult son were successors in interest where the action sought child support for that son).

Second, Ms. Nelson is a "successor in interest who succeeds to [the] cause[s] of action" under Cal. Civ. Proc. Code § 377.11, because (1) no representative has been appointed by a probate court, and (2) Dr. Brown's causes of action have passed to Ms. Nelson under the terms of his trust

instrument.[7] *See Lickter*, 189 Cal. App. 4th at 733; *In re Marriage of Drake*, 53 Cal. App. 4th at 1148, 1152–53; *Matsumori v. Wells Fargo Bank, N.A.*, No. CV211993MWFPVCX, 2021 WL 4734870, at *3 (C.D. Cal. Aug. 12, 2021); Cal. Prob. Code § 16249 (trustees have "the power to prosecute or defend actions, claims, or proceedings for the protection of trust property and of the trustee in the performance of the trustee's duties"); Cal. Civ. Proc. Code § 377.30, Law Revision Commission's comments (1992 addition) ("The distributee . . . in probate is the successor in interest or, if there is no distribution, the heir, devisee, *trustee, or other successor* has the right to proceed.") (emphasis added).

Third, it would not make sense for the person in charge of a probate estate but not the person in charge of a trust estate to qualify as a proper party for substitution. Under California law, a living trust is "simply a probate avoidance device." *Zanelli v. McGrath*, 166 Cal. App. 4th 615, 633 (2008). To hold that successor trustees are not proper parties for substitution, even though living trusts are an alternative to probate and successor trustees inherit the decedent's causes of action just like probate administrators, would "defeat the purpose of Rule 25(a): to preserve parties' rights and causes of action when a party dies." *Gilmore v. Lockard*, 936 F.3d 857, 866 (9th Cir. 2019).

In sum, because Ms. Nelson inherited Dr. Brown's causes of action as his successor trustee, she is his successor in interest and therefore a proper party for substitution in the absence of a probate proceeding.

### 4. Whether a New Party Must be Substituted for Dr. Brown

The parties' briefing implies that they want to settle the case without substituting a new party for Dr. Brown. But under Rule 41, the "plaintiff" must file any stipulation of dismissal following settlement. Fed. R. Civ. P. 41(a)(1)(A)(ii). The problem is that right now, there is no plaintiff. *Cf. Hilao*, 103 F.3d at 766 ("The substituted party steps into the same position as [the] original party."). Nor can Dr. Brown's former counsel act for the deceased. *See Sullivan v. Dunne*, 198

---

[7] Daniel P. Brown 2021 Living Trust, Ex. 1 to Req. for Extension of Time – ECF No. 36 at 6.

Cal. 183, 192 (1926) (it is "well recognized by the authorities that the law of principal and agent is generally applicable to the relation of attorney and client, and that the . . . incapacity of the client will therefore operate as a termination of the authority of the attorney"). Thus, a new party must be substituted for Dr. Brown before any stipulation of dismissal is filed.

### 5. The Defendants' Remaining Arguments

The defendants argue that Ms. Nelson can proceed in this case under Rule 17(c).[8] But Rule 17 "deals only with the right to sue and be sued." *Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 WL 2811171, at *2 n.3 (N.D. Cal. July 17, 2008). That is, Rule 17 deals with the commencement of cases, whereas Rule 25 deals with the continuance of pending cases. Here, a new party must be substituted for Dr. Brown under Rule 25.

The defendants also argue that the court should "entertain [their] previously filed motion to enforce the January 18, 2022, settlement agreement and dismiss the case pursuant to its terms."[9] No such motion has been filed.

## CONCLUSION

The request for an extension of time is denied as moot, a new party must be substituted for Dr. Brown, and a motion to substitute Ms. Nelson for Dr. Brown in her capacity as successor trustee may be filed at any time.

**IT IS SO ORDERED.**

Dated: July 1, 2022

LAUREL BEELER
United States Magistrate Judge

---

[8] Obj. to Req. for Extension of Time – ECF No. 37 at 4–5.
[9] *Id.* at 5.

ORDER – No. 21-cv-08098-LB          7